# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES WALSH,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　　) Civil Action No. 11-1048
　　　　　　　　　　　　　　　　　　　) Judge Nora Barry Fischer
DIALYSIS CLINIC, INC.,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　　)

## <u>MEMORANDUM ORDER</u>

Pending before the Court is Dialysis Clinic, Inc.'s ("Defendant") Motion to Strike Jury Demand (Docket No. 38). The Court has reviewed Defendant's brief in support (Docket No. 39) and Plaintiff's brief in opposition (Docket No. 40). For the reasons that follow, the Defendant's Motion [38] is DENIED.

**I.　　Introduction[1]**

This action under the FMLA was filed by then-plaintiff Shawn Kostick ("Kostick") on August 12, 2011. (Docket No. 1). Defendant filed its Answer shortly thereafter, on October 17, 2011. (Docket No. 3). On January 10, 2012, Defendant filed a Motion to Dismiss (Docket No. 20), which this Court converted into a Motion for Summary Judgment. (Docket No. 34).

During the pendency of the motion to dismiss, Kostick filed a Motion to Substitute Bankruptcy Trustee (Docket No. 28), presumably in response to certain charges raised in the motion to dismiss. (*See* Docket No. 21 at 1; 4-5; 10-15). The Court initially denied the motion

---

[1] Because only the procedural facts are pertinent to the pending motion, the Court recites only the relevant procedural facts herein.

pending its resolution of the motion to dismiss (Docket No. 32), but granted the renewed motion to substitute after the motion to dismiss was denied. (*See* Docket No. 36).

Thus, current plaintiff, James Walsh ("Walsh"), the bankruptcy trustee, was substituted for Kostick on April 11, 2012. (Docket No. 36). At no point prior to his substitution had Kostick made a jury demand. Then, on April 16, 2012, Walsh filed a Demand for Trial by Jury. (Docket No. 37). That Demand precipitated the pending Motion to Strike (Docket Nos. 38, 39), and response (Docket No. 40) which are now ripe for disposition.

## II.    The Parties' Positions

In support of its motion to strike, Defendant argues that the Court should be guided by Federal Rule of Civil Procedure 38(b), which states that "any party may demand a trial by jury of any issue triable of right by a jury by (1) serving the other parties with a written demand … no later than 14 days after the service of the last pleading directed to such issue…." (Docket No. 39 at 2 (citing Fed. R. Civ. P. 38(b)). Where only the Complaint and Answer are filed, Rule 38(b) requires that a demand for jury trial be served within fourteen days of the service of the Answer. *Cardio-Medical Assocs. V. Crozer-Chester Medical Ctr.*, 95 F.R.D. 194, 196 (E.D. Pa. 1982), *aff'd* 721 F.2d 68 (3d Cir. 1983).[2] Failure to make a timely demand may result in waiver of the right to a jury trial. *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977).

Walsh argues that Defendant's argument would effectively result in the loss of his right to demand a jury trial *before* he became a party.[3] To this end, Walsh cites authority where a party was added *after* the Rule 38(b) period, but which allowed the new party to demand a trial by jury. (*See* Docket No. 40 at 2-3 (citing *United States v. Country Club Garden Owner's*

---

[2] At the time *Cardio-Medical* was decided, the Rule allowed for ten days rather than the current fourteen. *Cardio-Medical*, 95 F.R.D. at 196. That change has no impact on this case.

[3] Walsh's brief also hints at an important fact here: not only would Walsh lose his right to a jury trial, but so would all of the creditors whose interests he serves.

*Ass'n., Inc.*, 159 F.R.D. 400 (E.D.N.Y. 1995); *United States v. California Mobile Home Park Management Co.*, 29 F.3d 1413 (9th Cir. 1994)).

### III. Legal Standard

Rule 38(a) provides that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution-or as provided by a federal statute-is preserved to the parties inviolate." However, as Defendant urges, Rule 38(b) requires that a jury demand be made within fourteen days of service of the final pleading in a matter. Further, "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d).

### IV. Analysis

This case presents the rare situation where a party enters the case after the time for demanding a jury trial has lapsed under Rule 38(b). As the Answer was the final pleading filed, on October 17, 2011, the deadline for a jury demand would have been October 31, 2011. However, because Walsh was not a party to this lawsuit at that time, there is no way Walsh could have demanded a jury trial.

Walsh points to *Country Club* as a justification for this Court granting the demand outside the time provided for in Rule 38(b). Particularly relevant is the following passage:

> [A]lthough the Court recognizes that a jury demand in a subsequent complaint is untimely unless new material issues are raised, … that rule has been applied in situations where the parties in the litigation remain the same. In granting intervention, the parties to the litigation have changed. In this regard, the Palascianos have now, for the first time, been able to file a complaint, demand a jury trial or otherwise take part in this case. It seems incorrect to this Court to rule that the Palascianos are precluded from obtaining their constitutionally mandated jury trial, when they have been unable heretofore to appear as parties to this case and make such a demand. Indeed, such a result seems suspect, as any intervenor who has not filed a motion to intervene until after the answer to the complaint or reply to a counterclaim, but whose intervention is deemed timely under applicable law, would be precluded from ever receiving a jury trial. This result would be absurd and totally unfair.

3

*Country Club*, 159 F.R.D. at 405. Although this case does not deal with intervention, but rather substitution, the result is the same: the parties to the litigation have changed. And the reasoning behind the *Country Club* decision is persuasive. Walsh was not a party to the litigation, and could not have demanded a jury trial until he became a party. *See* Fed. R. Civ. P. 38 (b) (stating that "a *party* may demand a jury trial."). To deny him the right to a jury trial that he could not have exercised until after the expiration of the Rule 38(b) period is, as expressed by the *Country Club* court, "absurd and totally unfair." *Country Club*, 159 F.R.D. at 405. This conclusion is bolstered by the fact that Walsh filed his jury demand five days after he was substituted into this case.

The Court also observes that, if Walsh's jury demand is construed as a motion for jury demand, Rule 39 would come into play. That rule provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). In determining whether to grant an untimely jury demand, courts consider the following factors:

> 1) whether the issues are suitable for a jury; 2) whether granting the motion would disrupt the schedule of the Court or the adverse party; 3) whether any prejudice would result to the adverse party; 4) how long the party delayed in bringing the motion; and 5) the reasons for the failure to file a timely demand.

*SEC v. Infinity Group Co.*, 212 F.3d 180, 196 (3d Cir. 2000).

Construing the present demand as a motion for jury trial, the Court reaches the same conclusion under Rule 39 as it does under Rule 38 – that a jury trial is appropriate. The issues are clearly suitable for a jury. The motion will have limited impact on the schedule of the Court[4] and little impact on the Defendant.[5] There appears to be little, if any, prejudice. The *party* –

---

[4] Trial would be relatively short, whether jury or non-jury. Pretrial proceedings are parallel between the two.

[5] If tried non-jury, the parties could avoid the time and expense of summary judgment proceedings.

Walsh – took only five days to file the motion after actually becoming a party. Finally, the reason Walsh failed to timely file a jury demand is because he was not a party that *could* file a jury demand.

**V.     Conclusion**

The Court finds that rigid application of Rule 38(e) would deny Walsh the opportunity to demand a jury trial, such that his demand should be honored. The Court alternatively would construe the jury demand as a motion for same, and application of Rule 39(b) would result in granting the motion for jury demand. Thus, the Court finds that Defendant's motion to strike should be denied.

**ORDER**

AND NOW, this 8th day of May, 2012, upon consideration of Defendant's Motion to Strike (Docket No. [38]), its Brief in Support (Docket No. [39]), and Plaintiff's Brief in Opposition (Docket No. [40]),

IT IS HEREBY ORDERED that, for the foregoing reasons, Defendant's motion [38] is DENIED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.